## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) JUDITH ANN HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-CV-0670-CVE-TLW |
| | ) | |
| 1) OKLAHOMA DEPARTMENT OF HUMAN | ) | |
| SERVICES, a government agency; | ) | |
| 2) DEBORAH SMITH, in her official capacity; | ) | |
| 3) AMY WHITE, in her official capacity; | ) | |
| 4) DAVID CLIFTON, in his official capacity; | ) | |
| 5) NANCY ROBISON, in her official capacity; | ) | |
| 6) LYNN BANKS, in her individual capacity | ) | |
| and in her official capacity; and | ) | |
| 7) ROBERT KNUCKLES, in his individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS AND BRIEF IN SUPPORT OF DEFENDANTS
## DEBORAH SMITH, AMY WHITE, DAVID CLIFTON,
## NANCY ROBISON, AND LYNN BANKS

Defendants, Deborah Smith, Amy White, David Clifton, Nancy Robison, and Lynn

Banks ("Responding Defendants")[1], respectfully move the Court to dismiss this action

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds the

Plaintiff's Complaint (Doc. #2) in this case fails to state a claim upon which any relief

can be granted against these Defendants.

---

[1] Deborah Smith, Amy White, David Clifton, and Nancy Robison are listed in the caption in their official capacity. Lynn Banks is listed both in her individual capacity and in her official capacity. Defendant Robert Knuckles does not appear to have been served with summons in this case yet and is not included as a Responding Defendant.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

## I.  STATEMENT OF FACTS

Plaintiff brings this action against the Oklahoma Department of Human Services ("DHS") and six of its current or former employees to obtain relief for violations of her constitutional rights and for discrimination against her on the basis of race, age, and gender alleged to have occurred during employment with DHS.   The Plaintiff's Complaint (Doc. #2) asserts a total of sixteen (16) claims for relief against the Defendants.   However, the Responding Defendants seek dismissal of this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Plaintiff's Complaint (Doc. #2) fails to state a claim upon which any relief can be granted against them.

The First Claim for Relief, found at page 17, of the Complaint claims hostile work environment against all Defendants.   Four of these Defendants (Deborah Smith, Amy White, David Clifton, and Nancy Robinson) are listed in the caption of the Complaint as being sued in their "official capacity" yet this claim seeks damages against these Defendants.   Defendant Lynn Banks is sued in both her individual capacity and official capacity, yet Plaintiff's first claim of action includes damages against Banks without distinguishing capacity.   Plaintiff's Second Claim for Relief also alleges violation of Title VII in the form of race and sex discrimination.   Again damages are sought against all Defendants.   Plaintiff's Third Claim for Relief alleges violation of Title VII as to all defendants for retaliation for complaints regarding a hostile work environment. Plaintiff's Fourth Claim for Relief alleges violation of Title VII as to all Defendants for retaliation for discrimination based on gender and/or race.   Plaintiff's Fifth Claim for Relief alleges hostile work environment in violation of the Age Discrimination in

2

Employment Act against all Defendants.  Plaintiff's Sixth Claim for Relief alleges age discrimination in violation of the Age Discrimination in Employment Act against all Defendants.  Plaintiff's Seventh Claim for Relief alleges retaliation in violation of the Age Discrimination in Employment Act against all Defendants for complaints regarding a hostile work environment on the basis of her age.  Plaintiff's Eighth Claim for Relief alleges retaliation against all Defendants for complaints regarding discrimination based on her age.  Plaintiff's Ninth Claim for Relief alleges discrimination on the basis of gender, race, and/or age in violation of the Oklahoma Anti-Discrimination Act against all Defendants.  Plaintiff's Tenth Claim for Relief alleges retaliation in violation of the Oklahoma Anti-Discrimination Act against all defendants.  Plaintiff's Eleventh Claim for Relief alleges violation of 42 U.S.C. §1983 against all Defendants.  Plaintiff's Twelfth Claim for Relief alleges negligent release of medical information against DHS and Defendant David Clifton for negligent release of medical information for unspecified "numerous state statutes, as well as federal statutes."  Plaintiff's Thirteenth Claim for Relief alleges an action against all Defendants for intentional infliction of emotional distress.  Plaintiff's Fourteenth Claim for Relief repeats a claim for intentional infliction of emotional distress solely against Defendant Lynn Banks.  Plaintiff's Fifteenth Claim for Relief alleges a claim for intentional infliction of emotional distress against Defendant Robert Knuckles.  Plaintiff's Sixteenth Claim for Relief alleges a claim for assault and battery against Defendant Robert Knuckles.  Defendant Knuckles does not appear to have been served or appeared in this case yet and he is not a party to this motion.

In the caption Plaintiff alleges claims against Deborah Smith, Amy White, David Clifton, and Nancy Robison solely in their official capacities.  Plaintiff alleges claims

against Defendant Lynn Banks in her individual capacity and in her official capacity. The body of the Complaint, however, never distinguishes between official capacity and individual capacity and seeks money damages against responding Defendants named solely in their official capacity.  Plaintiff never makes allegations of any kind against responding Defendant Deborah Smith, grouping allegations instead as "ODHS management."   Specific allegations against responding Defendant Amy White are limited to an alleged statement that White made to Plaintiff that Plaintiff and Defendant Knuckles must learn to work with one another, White told Knuckles never to raise his voice to plaintiff but did not reprimand him, and White made an alleged inquiry to Plaintiff regarding a rumor that Knuckles and Plaintiff had been romantically involved. Plaintiff alleges Knuckles verbally accosted her and placed his hands on her neck in 2000 on two occasions when upset over workplace issues.  (Complaint, ¶28)  Plaintiff's sole allegation against any responding Defendant arising out of the 2000 allegation is that responding Defendant Lynn Banks inadequately investigated Plaintiff's complaint at that time regarding Knuckles.  (Complaint, ¶28)  No action whatsoever is alleged to have occurred for a period of nine (9) years from the alleged incident.  Plaintiff alleges when she became Knuckles' supervisor in the fall of 2009, Knuckles was a poor worker, rude, disrespectful, abusive, and insubordinate.  (Complaint, ¶¶30-32)  No action of Knuckles is ever tied to race, age, sex, or any other factor other than workplace conflict. Plaintiff alleges Defendant Robison verbally admonished Knuckles regarding an insubordinate attitude, but the behavior did not stop.  (Complaint, ¶31)  Plaintiff states Knuckles' "aggressive, abusive, and insubordinate behavior" toward Plaintiff occurred on nearly a daily basis and was allowed to continue unchecked by "ODHS

4

management." (Complaint, ¶62)  The sole racial comment attributed to any Defendant was an alleged statement by Defendant Banks, an African American, to Plaintiff, an African American, that "we did not need the white man in our business." (Complaint, ¶47)  Plaintiff alleges Defendant Clifton, in the course of administrative pre-termination hearing for another employee, improperly disclosed Plaintiff's health condition, but never specifies what was disclosed or what state or federal statutes were violated. (Complaint, ¶61)  Although Plaintiff refers to due process violations, no procedural or substantive due process violations are alleged.  Plaintiff alleges equal protection violations but fails to identify any individual who was treated differently.  While the Complaint alleges verbal abuse and insubordinate behavior by a disgruntled employee, Robert Knuckles, no discriminatory animus of any kind is ever described.

## II.  ARGUMENT AND AUTHORITIES

### A.  Standard for motion to dismiss for failure to state a claim.

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court set forth the standards that this Court must use in determining whether dismissal, as DHS has requested, is warranted under Rule 12(b)(6).  The Supreme Court held in accordance with Rule 8, F.R.Civ.P., that a complaint need not contain "heightened fact pleading of specifics," 550 U.S. at 570, or "detailed factual allegations," Id., at 555 (citations omitted), but it must contain "enough facts to state a claim to relief that is plausible on its face."  Id., at 570.

The United States Court of Appeals for the Tenth Circuit has stated that Twombly imposes a "burden ... on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that ... she is entitled to relief." Robbins v. Oklahoma, 519

F.3d 1242, 1247 (10th Cir. 2008)(quoting <u>Twombly</u>, 550 U.S. at 556.  The allegations in the Plaintiff's Petition must therefore "be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief [against this defendant]." <u>Id</u>. (footnote omitted).

The Court's task at this stage is to determine whether "there are well-pleaded factual allegations," <u>Ashcroft V. Iqbal</u>, 556 U.S. 662, 679 (2009), in the challenged pleading, and if so, the "[C]ourt should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id</u>.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id</u>. at 678  (citations omitted).

In this context, the Plaintiff's Petition "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." <u>Bryson v. Gonzales</u>, 534 F.3d 1282, 1286 (10th Cir. 2008)(quotation and further citation omitted).  While "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context," <u>Kansas Penn Gaming LLC V. Collins</u>, 656 F.3d 1210, 1215 (10th Cir. 2011)(citations omitted), neither "naked assertion[s]' devoid of 'further factual enhancement,'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557), nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory allegations, ... suffice." <u>Id</u>. (citing <u>Twombly</u>, 550 U.S. at 555).  "[T]he <u>Twombly</u> standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face."

Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012).  "[I]t demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555 (further citation omitted)), and more than "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' ...." Kansas Penn Gaming, 656 F.3d at 1214 (quoting Twombly, 550 U.S. at 555).  The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting Bell Atlantic Corp. v.Twombly, 550 U.S. 544, 547 (2007).  To survive a motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible.  Id.  The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. Ridge at Red Hawk, 493 F.3d at 1177.   In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.  Id.  Pleadings that are no more than legal conclusions are not entitled to the assumption of truth; while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S.662, 664 (2009).

When this standard is applied to the instant case, it is clear that the Complaint should be dismissed because it fails to state claim upon which any relief can be granted on the Plaintiff's causes of action against Responding Defendants.

### B.  Plaintiff's Complaint must be dismissed under Rule 12(b)(6)

**1.  Actions against Defendants Deborah Smith, Amy White, David Clifton, Nancy Robison, and Lynn Banks, in their official capacities are redundant and superfluous repetitions of the claim against DHS and should be dismissed.**

The first listed Defendant in this action is the Oklahoma Department of Human Services.  The four individual Defendants named solely in their official capacity and the official capacity claims against Defendant Banks are simply another way of naming the Oklahoma Department of Human Services.   This Court, in prior decisions, has dismissed such official capacity claims as redundant and superfluous.  In <u>Moore v. Tulsa</u>, 55 F. Supp. 3d 1337, 1349 (N.D. Okla. 2014), this Court dismissed actions against a Tulsa fire chief in his official capacity, where the City of Tulsa was already a party, stating:

> Defendants argue that plaintiff's claims against Fire Chief Driskell in his official capacity should be dismissed entirely as duplicative of the claims against the City of Tulsa.11 A suit against a person in his or her official capacity is "only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (citing Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Plaintiff initially argues that "if naming the officer in his official capacity is another way of pleading the action, it is not an improper way to plead the action." Dkt. # 28, at 25 (emphasis in original). However, plaintiff later admits that "the liability of the City of Tulsa is not separate or distinct from the liability of Defendant Driskell in his official capacity only." Id. at 26. <u>As this Court has previously written, "[i]f a governmental entity is already a defendant in a lawsuit, then any official capacity claims against its employees are redundant and may be dismissed." Griffin v. Indep. Sch. Dist. No. 1 of Tulsa Cnty., Okla., No. 13–CV–702–CVE–FHM, 2013 WL 6048988, at *3 (N.D.Okla. Nov. 14, 2013).</u> The claims against Fire Chief Driskell in his official capacity are dismissed. (emphasis added.)

**2.  Plaintiff's first through eighth claims alleging violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 must be dismissed as to all individual defendants.**

As set forth above, the causes of action against the individual Defendants in their official capacities should be dismissed as redundant.  The sole individual capacity cause of action against Defendant Banks is improper because a supervisor is not a proper party to an action under Title VII or ADEA.  This would also be true if Plaintiff attempts to argue that it had meant to name the individual Defendants in their individual capacity, notwithstanding the limitation specified in the caption of the Complaint.

Title VII and the ADEA each define employer as "a person engaged in an industry affecting commerce who has 15 or more employees ... and any agent of such person". Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 744 (10th Cir. 1999), citing 42 U.S.C. § 121l 1(5)(A); § 2000e(b); 29 U.S.C. § 630(b).  The Tenth  Circuit Court of Appeals first addressed individual liability under Title VII in Haynes v. Williams, 88 F.3d 898, 899 (l0th Cir. 1996) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.").  Later the Tenth Circuit recognized the similarity in definitions between these statutes and acknowledged the application of Haynes to the ADEA.  See Butler, 172 F.3d at 744 (holding that the ADA precludes personal capacity suits against individuals, consistent with rulings under Title VII and the ADEA).

This Court and others reviewing this issue also support Defendants' position that individual liability is not allowed under Title VII or the ADEA.  In Taylor v. Riverside Behavioral Health, 2011 U.S. Dist. Lexis 43000, *9 (N.D. Okla.), United States District Judge Terence Kem of this District granted the individual supervisor defendant's motion

to dismiss based on "long-standing [Tenth Circuit] precedent" that supervisors and other employees "may not be held liable under Title VII".  United States District Judge Joe Heaton of the United States District Court for the Western District of Oklahoma considered individual liability under the ADEA (and ADA) in <u>Duvall v. The Putnam City School District, Independent School District No. I,</u> 2010 U.S. Dist. Lexis 29114, *3-4 (W.D. Okla.).   Judge Heaton concluded plaintiff failed to state a claim against the individual defendants for discrimination or retaliation under the ADA or ADEA based on the Tenth Circuit's determination "that personal capacity suits against supervisors ... are inappropriate under the ADA and Title VII".  <u>Id</u>. at *3.

This Court should follow Tenth Circuit precedent and the reasoning of Taylor and Duvall and hold that individual supervisor liability is not allowed under Title VII or the ADEA.   Accordingly, all claims against the individual Defendants in the Plainitff;s first through eighth causes of action should be dismissed.

### 3.   Plaintiff's ninth and tenth claims under the Oklahoma Anti-Discrimination Act must be dismissed as to individual defendants.

In <u>Peters v. Black Tie Value Parking Serv., Inc.</u>, Case No. CIV-12-809-D, 2013 WL 149773, at *3 (W.D. Okla. Jan. 14, 2013), U.S. District Judge DeGuisti dismissed claims against individual supervisors under the OADA:

> Individual or supervisory liability is also not available under the OADA:We conclude the Legislature did not intend to make individual employees personally liable for discrimination actions brought under the OADA, which intent is apparent from a clear reading of § 1301(1) and § 1201(5) of the OADA. Section 1302 of the OADA prohibits discriminatory practices by an "employer." "Employer" is defined in §1301(1) as "a person with more than 15 employees" and "an agent of such a person" Under §1201(5) of the OADA, "person" includes an "individual" and a long list of entities commonly having employees. Interpreting these statutes, together, the Legislature's inclusion of "individual" simply recognizes that an individual or sole proprietor with the requisite number of employees may too qualify

as an "employer" for purposes of liability under the OADA. <u>Fulton v. People Lease Corp.</u>, 241 P.3d 255, 261 (Okla.Civ.App .2010). The same rule applies to Burk claims asserting an employee was terminated in violation of public policy.  <u>Id</u>.

While claims against individual Defendants in their official capacity are redundant, the claim against Defendant Banks in her individual capacity must also fail as supervisory liability is not available under the OADA.  Should Plaintiff claim any individual liability by other supervisors notwithstanding the limitation specified in her caption, such claims must also fail.

**4.  The Plaintiff's eleventh claim against the individual Defendants in their official capacities for money damages under 42 U.S.C. §1983 must be dismissed by reason of Eleventh Amendment immunity.**

The Eleventh Amendment to the United States Constitution bars claims brought in federal court against states, state agencies and their officials when sued in their official capacity for damages and/or retroactive relief.  <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63 (1974).  Eleventh Amendment immunity applies to suits arising under 42 U.S.C. §1983, and Congress did not intend 42 U.S.C. §1983 to abrogate Eleventh Amendment immunity or override state immunity.  <u>Quern v. Jordan</u>, 440 U.S. 332, 337, 340-45 (1979).

**5.  The Plaintiff's eleventh claim against Defendant Lynn Banks in her individual capacity has not met the pleading standards of <u>Twombly/Iqbal</u>.**

The Supreme Court has made it clear that "[a] court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 664 (2009) (emphasis supplied).  Plaintiff alleges a disgruntled worker physically threatened her and repeatedly acted in an insubordinate manner.  Plaintiff never alleges racial animus,

sexual harassment, or any other form of discriminatory animus.  Plaintiff never states that she was treated differently than a similar situated employee.  Plaintiff alleges due process violation, but never identifies the procedural or substantive due process right that was violated.  At most, Plaintiff describes a disgruntled employee (Knuckles) and ineffectual efforts to address insubordinate behavior.  Conclusory allegations are not entitled to the assumption of truth, do not comply with Fed. R. Civ. P. 8, and have been rejected in this Circuit, and in District Court, time and time again.

To avoid a dismissal under Rule 12(b)(6), a complaint must contain enough factual allegations to state a claim for relief that is plausible on its face.  See Khalik v. United Air Lines, Case No. 11-1063, 114 Fair Empl. Prac. Cas. (BNA) 500, 2012 WL 364058, *2 (10th Cir. Feb. 6, 2012) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff has the burden to frame a complaint with enough factual matter (taken as true) to suggest that he is entitled to relief.  With respect to legal conclusions, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions."  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Rather, when evaluating a motion to dismiss under Rule 12(b)(6), courts must disregard conclusory legal statements and look only to whether the remaining, factual allegations are sufficient to plausibly suggest that the defendant may be liable. See Khalik, 2012 WL 364058 at *2.  Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice to avoid a motion to dismiss.  See Twombly, 550 U.S. at 555.  While the complaint need not recite overly detailed factual allegations, the factual allegations must be enough to raise the right to relief above the merely speculative level. See Janzen, 2011 WL 5415329 at *2 (citing

Hall v. Witteman, 584 F.3d 859, 863 (10th Cir. 2009)).

Khalik illustrates these principles in the context of an employment discrimination claim. In affirming the complaint's dismissal, the Tenth Circuit in Khalik explained that several of the plaintiff's allegations were not entitled to the assumption of truth because they were "entirely conclusory."   2012 WL 364058 at *4-5.   In this regard, the court found the following allegations to be conclusory: that the plaintiff was subjected to a false investigation and false criticism; that she was targeted because of her race, religion, national origin, and ethnic heritage; and that the defendant's stated reasons for her termination and other adverse employment actions were exaggerated and false, giving rise to a presumption of discrimination, retaliation, and wrongful termination, which were stricken by the Court..   Striking those conclusory allegations left the court with claims were not plausible under the Twombly/Iqbal standard.

**6.   The Plaintiff's twelfth claim against Defendant David Clifton in his official capacity fails to satisfy Twombly/Iqbal standards of pleading.**

In her Complaint, Plaintiff alleges Defendant Clifton, named in the caption in his official capacity only, has violated numerous state and federal statutes regarding release of medical information in the course of a pre-termination hearing of another employee.   Plaintiff does not identify the statutes, the information which was released, or whether Plaintiff is asserting a state or federal claim.   This cause of action is purely conclusory and fails to meet the minimum pleading standards set forth above.   This cause of action must be dismissed under Twombly and Iqbal.

**7.  Plaintiff's thirteenth claim against individual Defendants in their official capacities fails to state a claim under the Governmental Tort Claims Act.**

As set forth in ¶I above, the cause of action against individual Defendants in their official capacity is merely another way of stating a claim against Oklahoma Department of Human Services.  The Oklahoma Department of Human Services can only be held liable for "torts of its employees acting within the scope of their employment," and it has no liability "for any act or omission of any employee acting outside the scope of his employment."  <u>See</u> 51 O.S. §153(A).  As defined by the GTCA, "scope of employment" means "performance by an employee acting in good faith within the duties of his office or employment or of tasks lawfully assigned by a competent authority...."  <u>Id</u>. §152(12). Accordingly, "[w]hen a tort cause of action sued upon requires proof of an element that necessarily excludes good faith conduct on the part of employees, there can be no liability against a political subdivision in a suit based on the GTCA."  <u>Tuffy's Inc. v. City of Okla. City</u>, 212 P.3d 1158, 1164–65 (Okla.2009).  In  <u>McMullen v. City of Del City</u>, 920 P.2d 528, 531 (Okla.Civ.App.1996) the Court of Appeals held: in that the tort of outrage or intentional infliction of emotional distress is viable only when it is shown—by extreme and outrageous conduct—a defendant intentionally (*or, at a minimum, recklessly)* cases severe emotional distress, it was not possible to have a viable GTCA claim against the City because intentional infliction of emotional distress cannot be shown if the defendant acted in good faith.  See <u>Lopez v. City of Tulsa, OK</u>, No. 09-CV-757-TCK-FHM, 2010 WL 3825395, at *7-8 (N.D. Okla. Sept. 27, 2010), in which the District Court dismissed a case for reckless infliction of emotional distress, finding that both reckless and intentional actions were barred by the Governmental Tort Claims Act.

**8. Plaintiff's fourteenth claim against Defendant Lynn Banks in her individual capacity and official capacity must be dismissed.**

As discussed above, the cause of action against Defendant Banks in her official capacity is merely another means of naming the Oklahoma Department of Human Services.  Plaintiff has not alleged a claim under Governmental Tort Claims Act in her claim against Defendant Banks in her official capacity.  Plaintiff has also not set forth a claim against Defendant Banks in her individual capacity.  The allegations against Defendant Banks are that she inadequately investigated an alleged incident in 2000, that she failed to curtain aggressive, abusive, insubordinate behavior by Knuckles, that she alleged told Plaintiff that they do not need the white man (Knuckles) in our business.  The Complaint states conclusory allegations, which do not set forth the requirements for intentional infliction of emotional distress.

In Romero v. City of Miami, 8 F. Supp. 3d 1321, 1333-35 (N.D. Okla. 2014), the Court dismissed a claim for intentional infliction of emotional anguish finding that the narrow standards laid out in the Restatement Second of Torts, §46, had not been pled. The Court stated:

> Viewing these allegations in their totality, the conduct alleged on the part of the Individual Defendants is not extreme and outrageous. Indeed, this type of conduct in an employment setting will rarely be viewed as extreme and outrageous. See, e.g.,  *1335 Gabler v. Holder & Smith, Inc., 11 P.3d 1269 (Okla.Civ.App.2000) (noting that workplace harassment rarely rises to the level of extreme and outrageous conduct); Mirzaie v. Smith Cogeneration, Inc., 962 P.2d 678 (Okla.Civ.App.1998) (employer's conduct was not extreme and outrageous when, inter alia, the plaintiff's manager made derogatory sexual remarks about the plaintiff, woke plaintiff up in the middle of the night to do unnecessary work, and terminated him two hours before his wedding); Zahorsky v. Community Nat'l Bank of Alva, 883 P.2d 198 (Okla.Civ.App.1994) (employer not liable for intentional infliction of emotional distress when an employee forced the plaintiff to have sex with him and employer failed to fire the employee, even though the employer allegedly knew about the conduct).

### III.  CONCLUSION

For the reasons set forth, the Complaint should be dismissed for failure to state a

claim against Responding Defendants.

Respectfully submitted,

*s/* Richard A. Resetaritz
Richard A. Resetaritz (OBA #7510)
John E. Douglas (OBA #2447)
Richard W. Freeman, Jr. (OBA #3130)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK 73125-0352

Telephone: (405) 521-3638
Facsimile: (405) 521-6816
E-mail: Richard.Resetaritz@okdhs.org

*Attorneys for Defendants Deborah
Smith, Amy White, David Clifton, Nancy
Robison, and Lynn Banks*

### CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of January, 2016, I electronically transmitted

the attached document to the Clerk of Court using the ECF System for filing. Based on

the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing

to the following ECF registrant:

S. Thomas Sawyer
Eric W. Stall
*Attorneys for Plaintiff*

*s/* Richard A. Resetaritz
Richard A. Resetaritz