## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JUDITH ANN HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 15-CV-0670-CVE-TLW** |
| | ) | |
| **OKLAHOMA DEPARTMENT OF** | ) | |
| **HUMAN SERVICES, a government agency;** | ) | |
| **DEBORAH SMITH, in her official capacity;** | ) | |
| **AMY WHITE, in her official capacity;** | ) | |
| **DAVID CLIFTON, in his official capacity;** | ) | |
| **NANCY ROBISON, in her official capacity;** | ) | |
| **LYNN BANKS, in her individual capacity and** | ) | |
| **in her official capacity; and ROBERT** | ) | |
| **KNUCKLES, in his individual capacity,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is the Motion to Dismiss and Brief in Support of Defendants Deborah

Smith, Amy White, David Clifton, Nancy Robison, and Lynn Banks (Dkt. # 11), the Motion to

Dismiss and Brief in Support of Defendant Oklahoma Department of Human Services (Dkt. # 12),

and the Motion to Dismiss and Brief in Support of Defendant Robert Knuckles (Dkt. # 13).

Defendants Smith, White, Clifton, Robison, and Banks ask the Court to dismiss plaintiff's claims

against them for failure to state a claim, arguing that claims against the individuals in their official

capacities are redundant and should be dismissed and that individual capacity claims fail as a matter

of law, or fail to satisfy the pleading standards of Twombly and Iqbal.  Dkt. # 11.  Defendant

Oklahoma Department of Human Services (DHS) asks the Court to dismiss plaintiff's claims against

it for failure to state a claim, arguing that plaintiff's complaint fails to meet the pleading standards

of Twombly and Iqbal, DHS is entitled to immunity under the Eleventh Amendment, and plaintiff's state law claims fail as a matter of law.  Dkt. # 12.  Defendant Knuckles asks the Court to dismiss plaintiff's claims against him for failure to state a claim, arguing that plaintiff's claims fail to satisfy the Twombly and Iqbal pleading standards or are time barred.  Dkt. # 13.  Plaintiff responds that, as against defendants Banks and Knuckles individually, she properly pled her 42 U.S.C. § 1983 claims, intentional infliction of emotional distress claims, and her assault and battery claim.  Dkt. ## 16, 18.  As against defendant DHS, plaintiff responds that she properly pled her claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., (Title VII).  Dkt. # 17.  Plaintiff agrees that all other claims should be dismissed.  Dkt. ## 16, 17, 18.  Plaintiff asks the Court to deny defendants' motions to dismiss, or in the alternative, grant her leave to amend her complaint.  Id.

## I.

Plaintiff, an African-American female, filed this action asserting multiple claims against her former employer, supervisors, and co-workers, all related to her employment with DHS.  Dkt. # 2.  Plaintiff asserts that, over the course of several years, she was subjected to physical and verbal abuse by a co-worker, defendant Knuckles.  Id.  Plaintiff asserts that three incidents involving Knuckles included physical violence or threats of physical violence.  Id.  Plaintiff alleges that one incident occurred on or about August 15, 2000, in which Knuckles followed plaintiff on to an elevator, verbally assaulted plaintiff, and then physically assaulted plaintiff by placing his hands around her neck and choking her.  Id. at 5.  Plaintiff alleges that another incident occurred on August 22, 2000, in which Knuckles again placed his hands around plaintiff's neck.  Id. at 6.  Plaintiff alleges that the final incident occurred on July 30, 2014, and asserts that, after a verbal altercation with Knuckles, she picked up her phone to call a supervisor.  Id. at 14.  Plaintiff alleges that Knuckles grabbed the

2

phone receiver out of plaintiff's hand and raised it as if to strike plaintiff.  Id.  Plaintiff describes

numerous other instances in which defendant Knuckles alleged verbally abused plaintiff and

exhibited otherwise abusive and insubordinate behavior, allegedly occurring on a near daily basis

over the course of nearly 15 years.  Id. at 4-17.

Plaintiff asserts that each time an incident occurred, she reported Knuckles' abusive behavior

to her supervisors, but alleges that her supervisors took no disciplinary or remedial action.  Id.

Plaintiff asserts that the constant abuse caused her to suffer from post-traumatic stress disorder

(PTSD), for which she had to take a leave of absence.  Id.  Plaintiff asserts that she was forced to

return to work upon expiration of her leave but, because of the continued behavior of Knuckles and

inaction of supervisors, she was forced to terminate her employment with DHS.  Id.

On November 23, 2015, plaintiff filed a complaint alleging sixteen causes of action: (1) Title

VII hostile work environment claim against all defendants; (2) a Title VII discrimination claim

against all defendants; (3) a Title VII retaliation claim against all defendants; (4) a Title VII

retaliation claim against all defendants; (5) a hostile work environment claim under the Age

Discrimination in Employment Act, 29 U.S.C. § 621 et seq., (ADEA) against all defendants; (6) an

ADEA discrimination claim against all defendants; (7) an ADEA retaliation claim against all

defendants; (8) an ADEA retaliation claim against all defendants; (9) a discrimination claim under

the Oklahoma Anti Discrimination Act, OKLA. STAT. tit. 25, § 1101 et seq., (OADA) against all

defendants, (10) an OADA retaliation claim against all defendants; (11) a § 1983 claim against all

defendants; (12) a negligent release of medical information claim against defendant Clifton; (13) an

intentional infliction of emotional distress claim against all defendants; (14) an intentional infliction

of emotional distress claim against defendant Banks; (15) an intentional infliction of emotional

3

distress claim against defendant Knuckles; and (16) assault and battery against defendant Knuckles. Dkt. # 2. All defendants have filed a motion to dismiss, arguing that plaintiff has failed to state a claim as to each of her claims. Dkt. # 11, 12, 13. The Court considers each motion in turn.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions" Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

4

# III.

## A.

The Court first considers the motion to dismiss of defendants Smith, White, Clifton, Robison, and Banks (Dkt. # 11).  Defendants argue that plaintiff fails to state a claim, arguing that: (1) an action against defendants in their official capacities is redundant because DHS is also named in the complaint; (2) individual liability is not allowed under Title VII or the ADEA; (3) the OADA does not allow does not allow individual liability against supervisors; (4) the Eleventh Amendment bars plaintiff's claim for money damages under § 1983 against defendants in their official capacities; (5) plaintiff's § 1983 claim against defendant Banks individually fails to satisfy the pleading standards of Twombly and Iqbal; (6) plaintiff's claim against defendant Clifton for negligent release of medical information fails the pleading  standards of Twombly and Iqbal;(7) plaintiff's claim for intentional infliction of emotional distress against defendants in their official capacities fails to state a claim under the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151 et seq., (GTCA); and (8) plaintiff's claim for intentional infliction of emotional distress against Banks individually fails to satisfy Twombly and Iqbal.  Id.

Plaintiff concedes that naming defendants in their official capacities is redundant, and that the Court should dismiss defendants so named.  Dkt. # 16, at 4 .  Plaintiff also concedes that claims against defendant Banks in her individual capacity under Title VII, the ADEA, and the OADA should be dismissed.  Id. at 5-6.  Finally, plaintiff acknowledges that negligent release of medical information claim against defendant Clifton is in his official, rather than individual capacity.  Id. at 10.  And, as previously conceded, naming defendant Clifton as a defendant in his official capacity is redundant.  Id.

5

The only remaining claims relevant to defendants Smith, White, Clifton, Robison, and Banks, are plaintiff's § 1983 and intentional infliction of emotional distress claims against Banks individually. Defendant Banks asserts that plaintiff has failed to satisfy the dictates of Twombly and Iqbal in pleading these two remaining causes of action. Dkt. # 11, at 11-12,15. Plaintiff responds that she has properly pled these causes of action, including in her complaint sufficiently detailed factual allegations to state a facially plausible claim. Dkt. # 16, at 7, 11. In the alternative, plaintiff seeks leave to amend her complaint as to these two causes of action. Id. at 16.

## I.

With respect to plaintiff's § 1983 claim, plaintiff's complaint asserts that defendant Banks, plaintiff's immediate supervisor, violated plaintiff's due process and equal protection rights under the Fifth and Fourteenth Amendments. Dkt. # 2, at 22. Defendant asserts that plaintiff's complaint contains nothing more than conclusory allegations, failing to allege any facts demonstrating a discriminatory animus and failing to identify any procedural or substantive due process right allegedly violated. Dkt. # 11, at 11-12. Plaintiff responds that her complaint contains detailed factual allegations about Banks's conduct, including her failure to respond appropriately to plaintiff's complaints and her references to Knuckles as "the white man." Dkt. # 16, at 8.

Section 1983 provides a claim for relief against state actors for a violation of a plaintiff's federal rights. Becker v. Kroll, 494 F.3d 904, 913 (10th Cir. 2007). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under the color of

6

state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166 (1985). "In addition, supervisors may be liable for a subordinate's constitutional deprivations under certain circumstances. As a general matter, § 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008) (citing Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996)). "[I]n situations where an 'affirmative link' exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise, the supervisor may be personally liable." Id. (internal quotation marks and citations omitted).

Plaintiff alleges that defendant Banks's failure to respond to her complaints about Knuckles' behavior and her allowance of continued abusive behavior violated plaintiff's due process and equal protection rights. Dkt. # 2, at 22-23. The Due Process Clauses of the Fifth and Fourteenth Amendments provide both substantive and procedural protections "'against arbitrary action of government.'" Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845 (1998) (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)). As it is unclear whether plaintiff intended to invoke the Clauses' substantive or procedural protections, the Court examines both. "Substantive due process protects fundamental liberty interests and protects against the exercise of government authority that 'shocks the conscience.'" Koessel v. Sublette Cnty. Sheriff's Dep't, 717 F.3d 736, 749 (10th Cir. 2013) (citing Seegmiller v. LaVerkin City, 528 F.3d 762, 767 (10th Cir. 2008)). Procedural due process "ensures that a state will not deprive a person of life, liberty, or property unless fair procedures are used in making that decision." Hennigh v. City of Shawnee, 155 F.3d 1249, 1253 (10th Cir. 1998) (internal quotation marks omitted). Determining whether a plaintiff's right to

7

procedural due process has been violated is "a two-step inquiry: (1) Did the individual possess a protected interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of process?" Id.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV. "The [Equal Protection] Clause creates no substantive rights. Instead, it embodies a general rule that States must treat cases alike but may treat unlike cases accordingly." Teigen v. Renfrow, 511 F.3d 1072, 1083 (10th Cir. 2007) (internal quotation marks omitted). Allegations of discrimination based on a person's race can be sufficient to state a claim under § 1983, and claims of racial discrimination are subject to strict scrutiny. City of Celburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985). Gender is also a protected class under the Fourteenth Amendment, and claims of gender discrimination are subject to intermediate scrutiny. Miss. Univ. for Women v. Hogan, 458 U.S. 718, 723-24 (1982). To establish a violation of the Equal Protection Clause, a plaintiff must allege that a defendant acted with the intent to discriminate against the plaintiff because of the plaintiff's protected status. See Washington v. Davis, 426 U.S. 229, 241 (1976). The specific facts alleged by the plaintiff must be "at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). If the plaintiff has adequately alleged that an act of intentional discrimination occurred, the Court must determine what level of scrutiny applies to the classification and if the difference in treatment can be justified by "some upright government purpose." SECSYS, LLC v. Vigil, 666 F.3d 678, 686 (10th Cir. 2012).

Plaintiff's complaint fails to plausibly allege a constitutional violation. As it relates to plaintiff's claim of a due process violation, plaintiff wholly fails to identify a liberty interest of which Banks allegedly deprived plaintiff by failing to respond appropriately to plaintiff's complaints about Knuckles' abusive behavior. As it relates to her claim of an equal protection violation, plaintiff makes no allegations that an act of intentional discrimination occurred. Plaintiff's complaint contains no allegations that Banks allowed the abusive behavior of Knuckles to continue unabated due to some discriminatory animus on the part of Banks. Although plaintiff states in her complaint that she is an African-American female, she includes no factual allegations that Banks's response to plaintiff's complaints and Banks's alleged inaction was motivated by plaintiff's membership in a protected class. Plaintiff's complaint fails to plausibly allege that Banks violated either her due process or equal protection rights. As such, plaintiff fails to state a claim upon which relief can be granted, and her § 1983 claim should be dismissed.

**ii.**

With respect to plaintiff's intentional infliction of emotional distress claim, plaintiff's complaint alleges that Banks's repeated failure to take corrective action against defendant Knuckles when plaintiff repeatedly made complaints about his behavior amounts to intentional infliction of emotional distress. Dkt. # 2, at 24-25. Banks asserts that plaintiff has failed to state a claim, arguing that plaintiff's complaint contains only conclusory allegations that do not satisfy the narrow, requisite elements of an intentional infliction of emotional distress claim under Oklahoma law. Dkt. # 11, at 15. Plaintiff responds that her complaint contains detailed factual allegations about defendant Banks's conduct, detailing the years of abuse plaintiff suffered and Banks's pattern of continued inaction. Dkt. # 17, at 12.

Oklahoma courts have recognized a cause of action for intentional infliction of emotional distress, also known as the tort of outrage.  See Gaylord Entm't Co. v. Thompson, 958 P.2d 128, 149 (Okla. 1998).  This action is governed by the narrow standards laid out in the Restatement Second of Torts, § 46.  Id.  In Breeden v. League Services Corp., 575 P.2d 1374 (Okla. 1978), the Oklahoma Supreme Court explained:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"  The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

Id. at 1376 (quoting Restatement (Second) of Torts § 46 cmt. d.).  To state a claim, a plaintiff must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe.  Schovanec v. Archdiocese of Okla. City, 188 P.3d 158, 175 (Okla. 2008) (quoting Computer Pubs., Inc. v. Welston, 49 P.3d 732, 735 (Okla. 2002)).  Under Oklahoma law, the trial court must assume a "gatekeeper role" and make an initial determination that the defendant's conduct "may reasonably be regarded as sufficiently extreme and outrageous to meet the Restatement § 46 standards."  Trentadue v. United States, 397 F.3d 840, 856 n.7 (10th Cir. 2005) (applying Oklahoma law).  A claim for intentional infliction of emotional distress is subject to a two-year statute of limitations.   Williams v. Lee Way Motor Freight, Inc., 688 P.2d 1294, 1297 (Okla. 1984).

Plaintiff's allegations against Banks fail to state a claim for intentional infliction of emotional distress.  As stated, a two-year statute of limitations applies to plaintiff's claim; thus the Court

10

considers allegations related only to the two years preceding the date plaintiff filed this suit. Although plaintiff has sufficiently alleged that the conduct caused plaintiff severe emotional distress in the form of PTSD, plaintiff fails to sufficiently allege the first two elements.  First, plaintiff fails to allege sufficient facts to show that defendant Banks acted intentionally or recklessly.  Plaintiff's allegations against Banks concern only Banks's failure to respond to plaintiff's complaints in a manner plaintiff found satisfactory.  She makes no allegations that Banks acted intentionally, nor do her factual allegations plausibly allege that Banks's conduct could be considered reckless.

And plaintiff's complaint alleges no conduct by Banks that was extreme and outrageous under the narrow standard of Oklahoma law.  Again, plaintiff alleges only that Banks failed to respond appropriately to her complaints about a harassing co-worker.  This conduct does not amount to extreme and outrageous behavior.  To survive a motion to dismiss in the context of an intentional infliction of emotional distress claim, a plaintiff must plead something beyond the standard workplace harassment situation.  See Gabler v. Holder & Smith, Inc., 11 P.3d 1269, 1280 (Okla. Civ. App. 2000) (explaining that employment related situations rarely give rise to intentional infliction of emotional distress, including those cases where a plaintiff alleges that she was the victim of ongoing mental and verbal abuse by a co-worker).  Although the Court acknowledges to the nature of the alleged conduct at issue in this suit, the conduct does not rise to the level required for a claim of intentional infliction of emotional distress, particularly as against a supervisor whose sole involvement was an alleged failure to intervene.  For these reasons, plaintiff's claim for intentional infliction of emotional distress against defendant Banks individually should be dismissed.

**iii.**

Defendant Smith, White, Clifton, Robison, and Banks's motion to dismiss should be granted in its entirety.  However, plaintiff will be granted leave to amend her complaint as it relates to her § 1983 claim against Banks individually.  The Court does not grant plaintiff leave to amend her complaint as it relates to her intentional infliction of emotional distress claim because granting such leave would be futile.  See Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs. Inc., 175 F.3d 848, 859 (10th Cir. 1999) (explaining that leave to amend may be denied if the proposed amendment would be futile because it  would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).  As discussed above, plaintiff has alleged no conduct that could plausibly state a claim for intentional infliction of emotional distress, and, because workplace harassment situations generally do not amount to a colorable claim and plaintiff has pled no facts demonstrating this case is the rare exception, leave to amend would not aid plaintiff in successfully stating such a claim.  As such, plaintiff's request for leave to amend will be granted only as it relates to her § 1983 claim against defendant Banks individually.

**B.**

The Court next considers the motion to dismiss of defendant DHS (Dkt. # 12).  DHS seeks dismissal of plaintiff's claims against it for failure to state a claim, asserting that: (1) plaintiff's Title VII claims fail to satisfy the pleading standards of Twombly and Iqbal; (2) DHS has Eleventh Amendment immunity from claims under the ADEA; (3) DHS has Eleventh Amendment immunity from claims under the OADA; (4) DHS has Eleventh Amendment immunity from plaintiff's claim for money damages under § 1983; (5) plaintiff's claim for negligent release of medical information

fails to satisfy the pleading standards of <u>Twombly</u> and <u>Iqbal</u>; and (6) plaintiff's claim for intentional infliction of emotional distress fails under the GTCA. <u>Id.</u>

Plaintiff concedes that DHS has not waived its Eleventh Amendment immunity for claims under the ADEA, OADA, § 1983, the GTCA, and for negligent release of medical information, and agrees that these claims should be dismissed. Dkt. # 17, at 7-8. Thus the only remaining claims that DHS and plaintiff dispute are those arising under Title VII. DHS argues that plaintiff's complaint fails to allege any racial animus, sexual harassment, or other form of discriminatory animus so as to state a colorable Title VII claim. Dkt. # 12, at 7-8. Plaintiff asserts that she has properly pled her Title VII claims, arguing that her complaint contains numerous factual allegations regarding an alleged discriminatory animus. Dkt. # 17 at 4.

Plaintiff asserts Title VII claims of discrimination, hostile work environment, and retaliation. Under Title VII, it is unlawful "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may prove a Title VII violation through either direct or circumstantial evidence. <u>See</u> <u>Furr v. AT & T Techs., Inc.</u>, 824 F.2d 1537, 1548-49 (10th Cir. 1987). As plaintiff presents no direct evidence of a Title VII violation, the Court evaluates plaintiff's Title VII claims according to the burden-shifting framework of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-03 (1973). <u>See</u> <u>Adamson v. Multi Cmty. Diversified Servs., Inc.</u>, 514 F.3d 1136, 1145 (10th Cir. 2008).

> Under the McDonnell Douglas framework, the plaintiff must carry the initial burden under the statute of establishing a prima facie case of [discrimination or retaliation]. Once the plaintiff has established a prima facie case, [t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for its employment action. If the defendant makes this showing, the plaintiff must then show that the defendant's justification is pretextual.

13

Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1226 (10th Cir. 2000) (second alteration in original) (internal quotation marks and citations omitted).  DHS argues that plaintiff fails to state a claim with respect to all of her Title VII claims because she fails to allege any discriminatory animus.  Dkt. # 12, at 8.  Plaintiff responds that the detailed factual allegations in her complaint plausibly state each Title VII claim she alleges.  Dkt. # 17, at 4.

## I.

To state a prima facie case of discrimination under Title VII, a plaintiff must allege: (1) that the victim belongs to a protected class; (2) that the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination.  EEOC v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007).  Plaintiff sufficiently alleges that she belongs to a protected class as an African-American female.  With respect to the adverse employment action, the Tenth Circuit defines the term liberally and  "[s]uch actions are not simply limited to monetary losses in the form of wages or benefits."  Sanchez v. Denver Pub. Sch., 164 F.3d 527, 532 (10th Cir. 1998)  "Conduct rises to the level of 'adverse employment action' when it 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'"  Stinnet v. Safeway, Inc., 337 F.3d 1213, 1217 (10th Cir. 2003) (quoting Sanchez, 164 F.3d at 532)).  Actions that merely inconvenience an employee or alter the employee's job responsibilities are not considered adverse employment actions.  Piercy v. Maketa, 480 F.3d 1192, 1203 (10th Cir. 2007).  At this stage, the Court recognizes plaintiff's allegation that she was forced to resign from her position due to defendant Knuckles' abuse and her superiors' inaction in response as an adverse employment action.

But plaintiff's complaint contains no allegations that plausibly support an inference that this alleged adverse employment action took place under circumstances giving rise to an inference of discrimination. Plaintiff alleges discrimination based on race and gender, but her complaint contains no allegations that any of the alleged conduct occurred because of her membership in these protected classes. Plaintiff's factual allegations are devoid of any mention of her gender, and the only references to race involve defendant Banks's comments about defendant Knuckles, referring to him as "the white man," and defendant Knuckles' one-time accusation that plaintiff was racist. See Dkt. # 2, at 9, 11-12. None of these mentions of race demonstrates any racial animus against plaintiff. Although these mentions of race occurred in her presence, they do not relate to her race nor plausibly allege that race was a motivating factor in Knuckles' behavior or DHS employees' responses. Without any allegations of conduct motivated by plaintiff's membership in a protected class, plaintiff's complaint fails to state a prima facie case of discrimination under Title VII.

## ii.

To state a prima facie case of hostile work environment, a plaintiff must allege: (1) she is a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on her membership in a protected group; and (4) due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or privilege of plaintiff's employment and created an abusive working environment. Harsco Corp. v. Renner, 475 F.3d 1179, 1186 (10th Cir. 2007). The Tenth Circuit has established that the severe and pervasive nature of the alleged harassment must be established under objective and subjective standards. Harrison v. Eddy Potash, Inc. 248 F.3d 1014, 1023 (10th Cir. 2001). Concerning the subjective aspect of a hostile work environment, the victim must show that she "subjectively perceive[d] th[at] environment to be

abusive." Id. (second alteration in original).  The objective component of a hostile work environment claim requires a plaintiff to present evidence that a "reasonable person" would find the same harassment so severe and pervasive that the workplace is objectively hostile or abusive. Morris v. City of Colo. Springs, 666 F.3d 654, 664 (10th Cir. 2012).  A court must consider the totality of the circumstances and consider factors such as the frequency of the discriminatory conduct, the severity, whether the conduct is physically threatening or merely an  offensive utterance, and whether the conduct unreasonably interferes with the employee's work performance. Id.  The Tenth Circuit has described pervasiveness and severity as "independent and equal grounds" by which a plaintiff may meet this element of a hostile work environment claim, but the grounds "'are, to a certain degree inversely related; a sufficiently severe episode may occur as rarely as once . . . , while a relentless pattern of less harassment that extends over a long period of time also violates the statute.'" Tademy v. Union Pac. Corp., 614 F.3d 1132, 1144 (10th Cir. 2008) (alteration in original) (quoting Cerros v. Steel Techs, Inc., 288 F.3d 1040, 1047 (7th Cir. 2002)).  An employer can be held vicariously liable for an employee's unlawful harassment if the employee was a supervisor, but otherwise an employer can be found liable if it was negligent in allowing a hostile work environment to exist.  Vance v. Ball State Univ., 133 S. Ct. 2434, 2441 (2013).

Plaintiff makes no allegations in her complaint that defendant Knuckles was a supervisor. DHS may therefore be liable only if it was negligent in allowing a hostile work environment to exist. Plaintiff is a member of protected classes as an African-American female and her complaint alleges that she was subjected to unwanted harassment in the form of defendant Knuckles' repeated aggressive and abusive behavior and her supervisors' failure to correct such behavior.  However, plaintiff's complaints contain no allegations that the allegedly hostile work environment was sexual

16

in nature or the product of a racial animus.   Although plaintiff alleges severe harassment, including allegations of physical violence, she does not plead any facts alleging that defendant Knuckles' behavior was motivated by race, gender, or an otherwise discriminatory animus.   Indeed, the only mentions of plaintiff's race or gender in plaintiff's allegations involve Banks's comments referring to Knuckles as "the white man" and Knuckles' one-time accusation that plaintiff was racist. Dkt. # 2, at 9, 11-12.   Plaintiff's complaint lacks any allegations that the harassment she suffered was based upon her membership in a protected group.   She has therefore failed to state a claim for hostile work environment.   As such, defendant DHS cannot be liable for negligence in allowing a hostile work environment to exist.

### iii.

Under Title VII, it is similarly unlawful to retaliate against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter."   42 U.S.C. § 2000e-3(a).   As with plaintiff's claims of discrimination, plaintiff presents no direct evidence of retaliation. The Court thus relies on the McDonnell Douglas burden-shifting framework to evaluate plaintiff's claim.   To state a prima facie case of retaliation a plaintiff must allege: "'(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.'"   Khalik v. United Airlines, 671 F.3d 1188, 1193 (10th Cir. 2012) (alteration in original) (quoting Twigg v. Hawker Beechcraft Corp., 659 F.3d 987, 998 (10th Cir. 2011)).

Plaintiff alleges that she engaged in protected opposition to discrimination by repeatedly complaining to her supervisors about Knuckles' abusive and insubordinate behavior.  Dkt. # 2, at

18. As discussed above, plaintiff has failed to state a claim for discrimination; therefore, she cannot show that she engaged in protected opposition to discrimination. And, even if her complaints had been in response to discrimination, plaintiff's complaint contains no allegations that would support a causal connection between her complaints and the continued harassment. Plaintiff alleges that the harassment continued over a number of years and that her supervisors did not take corrective action, but she makes no allegations that support the inference that her supervisors did not take any action as a retaliatory response to plaintiff's complaints. As such, plaintiff has failed to state a claim for retaliation under Title VII.

### iv.

Plaintiff fails to plead any facts in her complaint that give rise to a prima facie case of discrimination, hostile work environment, or retaliation. Defendant DHS's motion to dismiss should thus be granted; however, the Court will grant plaintiff leave to amend her complaint as it relates to her Title VII claims.

### C.

The Court finally considers the motion to dismiss of defendant Knuckles (Dkt. # 13). Defendant Knuckles argues that plaintiff's claims against him should be dismissed because: (1) individual liability is not allowed under Title VII or the ADEA; (2) individual liability is not allowed under the OADA; (3) plaintiff's § 1983 claims fails to satisfy the pleading standards of Twombly and Iqbal, (4) plaintiff's claims for intentional infliction of emotional distress also fail Twombly and Iqbal pleading standards; and (5) plaintiff's assault and battery claim is barred by the statute of limitations. Id. Plaintiff concedes that individual liability is not a basis for relief under Title VII, the ADEA, or the OADA and agrees that these claims should be dismissed. Dkt. # 18, at 5. But

plaintiff asserts that she has properly pled claims under § 1983 and intentional infliction of emotional distress, and argues that her assault and battery claim is not barred by the statute of limitations. Id. at 5-10.

## I.

With respect to plaintiff's § 1983 claim against defendant Knuckles, for the same reasons that the Court finds that plaintiff's complaint fails to state a claim against defendant Banks, the Court also concludes that plaintiff has failed to state a claim against defendant Knuckles. See supra III.A.i. Plaintiff makes no allegations that Knuckles' behavior was motivated by plaintiff's membership in a protected class so as to state a claim for a violation of her equal protection rights, and plaintiff similarly fails to identify a protected liberty interest of which Knuckles allegedly deprived plaintiff so as to state a constitutional violation of plaintiff's due process rights. Because plaintiff has failed to plead a constitutional violation, she has failed to state a § 1983 claim against Knuckles.

## ii.

With respect to plaintiff's intentional infliction of emotional distress claim against Knuckles, defendant asserts that plaintiff fails to state a claim because her complaint contains no factual allegations that would rise to the level required for an intentional infliction of emotional distress claim. Dkt. # 13, at 12-13. Plaintiff responds that her factual allegations about Knuckles' longstanding abusive and insubordinate behavior is sufficient to state a claim. Dkt. # 18, at 7-9. As stated regarding plaintiff's claim for intentional infliction of emotional distress against Banks, to state a claim, a plaintiff must allege intentional or reckless conduct that is extreme and outrageous and that causes the plaintiff severe emotional distress. See Schovanec, 188 P.3d at 175. And a two-year statute of limitations governs this claim. Williams, 688 P.2d at 1297.

Here, as with plaintiff's allegations against defendant Banks, plaintiff's complaint fails to allege facts that would support a finding that Knuckles' conduct in the two years preceding plaintiff's filing of this suit was extreme and outrageous. Workplace harassment rarely rises to the level of extreme and outrageous conduct required for an intentional infliction of emotional distress claim, even when a plaintiff alleges that she was subject to verbal and mental abuse by a co-worker on an on-going basis. Gabler, 11 P.3d at 1280. Plaintiff has pled no facts that would allow the Court to consider this case an exception to general workplace harassment cases that do not amount to intentional infliction of emotional distress. See id. (collecting cases). For similar reasons that the Court concludes that plaintiff fails to state a claim against defendant Banks for intentional infliction of emotional distress, it also concludes tat plaintiff fails to state a claim against defendant Knuckles. Plaintiff's factual allegations about Knuckles' workplace harassment over the two years preceding the filing of this suit do not rise to the level as to be so extreme that "no reasonable [person] could be expected to endure it." Computer Publ'n, 49 P.3d at 736.

### iii.

With respect to plaintiff's assault and battery claim, Knuckles asserts that plaintiff's claim is barred by a one-year statute of limitations. Dkt. # 13, at 14. Plaintiff responds that the cause of action is not time barred, asserting that she did not bring the claim while she was pursuing her claims through the Equal Employment Opportunity Commission (EEOC) and pursuant to the GTCA, which should have the effect of tolling the statute of limitations. Dkt. # 18, at 11. Under Oklahoma law, an action for assault and battery requires a plaintiff to show: (1) that the defendant acted "intending to cause a harmful or offensive contact with the person . . . or an imminent apprehension of such a contact," and (2) the other person "is thereby put in such imminent apprehension." Allen v. Town

of Colcord, Okla., 874 F.Supp.2d 1276, 1291 (N.D. Okla. 2012) (applying Oklahoma law).  And a civil action for assault and battery is subject to a one year statute of limitations.  OKLA. STAT. tit. 12, § 95(4).  Plaintiff's allegations against Knuckles relating to her assault and battery claim do not allege any actionable conduct within one year of the filing date of this action.  The incidents plaintiff describes as involving physical violence or threats of physical violence occurred in 2000 and July 2014.  Plaintiff's claim of assault and battery, filed November 25, 2015, is thus outside the statute of limitations and should be dismissed.[1]

### iv.

Defendant Knuckles' motion to dismiss should be granted.  The Court will permit plaintiff leave to amend her complaint as it relates to her § 1983 claim against defendant.  The Court will not permit plaintiff leave to amend her complaint as it relates to her intentional infliction of emotional distress or assault and battery claims because such leave to amend would be futile, as plaintiff's claim for intentional infliction of emotional distress involves only workplace harassment and plaintiff's claim for assault and battery is time barred.  See Jefferson Cnty. 175 F.3d at 859 (explaining that a court may decline to grant leave to amend a complaint when such an amendment would be futile).

---

[1]    The Court finds unpersuasive plaintiff's argument that she could not have brought her claim within the statute of limitations due to her pursuit of the claim through the EEOC and the GTCA.  Allegations of an intentional tort committed by defendant Knuckles clearly fall outside of the scope of his employment, and thus fall outside of the purview of the GTCA. See OKLA. STAT. tit. 51, § 152(14) (explaining that a tort for the purposes of the GTCA involve actions from an employee acting within the scope of his employment); Jackson v. Okla. City Pub. Schs., 333 P.3d 975, 978-79 ("It is settled that intentional torts are outside the scope of employment .. . .").  And plaintiff's pursuit of discrimination claims through the EEOC had no bearing on her assault and battery claim against Knuckles.  Plaintiff's pursuit of other claims through the GTCA and the EEOC did not preclude her from separately asserting a claim against Knuckles for assault and battery within the statute of limitations.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss and Brief in Support of Defendants Deborah Smith, Amy White, David Clifton, Nancy Robison, and Lynn Banks (Dkt. # 11) is **granted**. Defendants, Deborah Smith, Amy White, David Clifton, and Nancy Robison in their official capacities, and Lynn Banks in her official capacity **only**, are **dismissed** and terminated as parties in this action. The Motion to Dismiss and Brief in Support of Defendant Oklahoma Department of Human Services (Dkt. # 12) is **granted**, and the Motion to Dismiss and Brief in Support of Defendant Robert Knuckles (Dkt. # 13) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint, consistent with the rulings herein, no later than **June 1, 2016.**

**DATED** this 18th day of May, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

22