UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUDITH ANN HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-CV-0670-CVE-TLW |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| HUMAN SERVICES, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support of Defendant Oklahoma Department of Human Services (Dkt. # 29). Defendant Oklahoma Department of Human Services (DHS) asks the Court to dismiss plaintiff's amended complaint for failure to state a claim, asserting that plaintiff fails to allege any discriminatory animus and relies on conclusory allegations with respect to her discrimination, hostile work environment, and retaliation claims. Id. Plaintiff responds that she sufficiently pled each cause of action and asks the Court to deny defendant's motion. Dkt. # 33.

**I.**

Plaintiff, an African-American female, originally filed this action asserting multiple claims against her former employer, supervisors, and co-worker, all related to her employment with DHS. Dkt. # 2. Plaintiff's allegations centered on abusive treatment she suffered at the hands of a co-worker and her supervisors' and employer's failure to adequately respond. Id. The Court, in a previous opinion and order, granted the motions to dismiss of DHS, plaintiff's supervisors, and plaintiff's co-worker, but allowed plaintiff leave to amend her complaint. Dkt. # 25. Plaintiff filed

an amended complaint, asserting claims against DHS and Lynn Banks, plaintiff's direct supervisor. Dkt. # 26. Plaintiff subsequently filed a notice of dismissal of defendant Banks, leaving DHS as the only remaining defendant. See Dkt. # 34. Plaintiff's amended complaint asserts claims against DHS under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for race and gender discrimination, hostile work environment, and retaliation. Dkt. # 26. Plaintiff alleges that DHS discriminated against her by failing to adequately respond to her complaints about her co-worker's behavior because she is an African-American female. Id. at 22. Plaintiff alleges that DHS was responsive to other non-protected class employees' complaints about the same co-worker's behavior. Id. at 20-21. Plaintiff also alleges that DHS was responsible for allowing a hostile work environment to exist by failing to take action in response to plaintiff's complaints. Id. at 21. Finally, plaintiff alleges that DHS retaliated against her by failing to respond to or take action against plaintiff's co-worker after plaintiff repeatedly complained about the co-worker's abusive treatment of plaintiff. Id. at 24. Defendant DHS has filed a motion to dismiss, asserting that plaintiff again fails to state a claim upon which relief can be granted. Dkt. # 29.

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by

showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions" Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Plaintiff asserts Title VII claims of race and gender discrimination, hostile work environment, and retaliation. Dkt. # 26. Under Title VII, it is unlawful "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may prove a Title VII violation through either direct or circumstantial evidence. See Furr v. AT & T Techs., Inc., 824 F.2d 1537, 1548-49 (10th Cir. 1987). As plaintiff presents no direct evidence of a Title VII violation, the Court evaluates plaintiff's Title VII claims according to the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). See Adamson v. Multi Cmty. Diversified Servs., Inc., 514 F.3d 1136, 1145 (10th Cir. 2008).

> Under the McDonnell Douglas framework, the plaintiff must carry the initial burden under the statute of establishing a prima facie case of [discrimination or retaliation]. Once the plaintiff has established a prima facie case, [t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for its employment action. If the defendant makes this showing, the plaintiff must then show that the defendant's justification is pretextual.

Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1226 (10th Cir. 2000) (second alteration in original) (internal quotation marks and citations omitted). DHS argues that plaintiff fails to state a claim with respect to all of her Title VII claims because she fails to allege any discriminatory animus and relies on conclusory allegations. Dkt. # 29, at 4. Plaintiff responds that the detailed factual allegations in her complaint plausibly state each Title VII claim she alleges. Dkt. # 33, at 2.

**A.**

To state a prima facie case of discrimination under Title VII, a plaintiff must allege: (1) that the victim belongs to a protected class; (2) that the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. EEOC v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007). Plaintiff sufficiently alleges that she belongs to a protected class as an African-American female. With respect to the adverse employment action, the Tenth Circuit defines the term liberally and "[s]uch actions are not simply limited to monetary losses in the form of wages or benefits." Sanchez v. Denver Pub. Sch., 164 F.3d 527, 532 (10th Cir. 1998) "Conduct rises to the level of 'adverse employment action' when it 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" Stinnet v. Safeway, Inc., 337 F.3d 1213, 1217 (10th Cir. 2003) (quoting Sanchez, 164 F.3d at 532)). Actions that merely inconvenience an employee or alter the

4

employee's job responsibilities are not considered adverse employment actions. Piercy v. Maketa, 480 F.3d 1192, 1203 (10th Cir. 2007). At this stage, the Court recognizes plaintiff's allegation that she was forced to resign from her position due to her co-worker's harassing behavior and the subsequent inaction in response to plaintiff's complaints as an adverse employment action. As to whether plaintiff has sufficiently alleged that the challenged action took place under circumstancing giving rise to an inference of discrimination, "[o]ne method by which a plaintiff can demonstrate an inference of discrimination is to show that the employer treated similarly situated employees more favorably." Luster v. Vilsack, 667 F.3d 1089, 1095 (10th Cir. 2011). Plaintiff alleges that her complaints about her co-worker's behavior went unaddressed, but that DHS management intervened immediately on numerous occasions when male and female Caucasian employees complained about the same co-worker's harassing behavior. Dkt. # 26, at 15-17. Plaintiff also alleges that other African-American employees complained about the co-worker's behavior, only to have their complaints go similarly unaddressed. Id. at 16. Plaintiff's allegations that she and other African-American employees were ignored when they made complaints about the co-worker's behavior, while Caucasian employees were not, sufficiently allege this element of a prima facie case of race discrimination. But plaintiff's complaint fails to sufficiently allege gender discrimination when plaintiff acknowledges that DHS management responded immediately to other female employees' complaints. Plaintiff cannot plausibly allege that DHS's inaction was gender motivated when plaintiff herself identifies instances in which DHS responded to female employees' complaints. Defendant's motion to dismiss plaintiff's Title VII race discrimination claim should thus be denied, but defendant's motion to dismiss plaintiff's Title VII gender discrimination claim should be granted.

**B.**

To state a prima facie case of hostile work environment, a plaintiff must allege: (1) she is a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on her membership in a protected group; and (4) due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or privilege of plaintiff's employment and created an abusive working environment. Harsco Corp. v. Renner, 475 F.3d 1179, 1186 (10th Cir. 2007). The Tenth Circuit has established that the severe and pervasive nature of the alleged harassment must be established under objective and subjective standards. Harrison v. Eddy Potash, Inc. 248 F.3d 1014, 1023 (10th Cir. 2001). Concerning the subjective aspect of a hostile work environment, the victim must show that she "subjectively perceive[d] th[at] environment to be abusive." Id. (second alteration in original). The objective component of a hostile work environment claim requires a plaintiff to present evidence that a "reasonable person" would find the same harassment so severe and pervasive that the workplace is objectively hostile or abusive. Morris v. City of Colo. Springs, 666 F.3d 654, 664 (10th Cir. 2012). A court must consider the totality of the circumstances and consider factors such as the frequency of the discriminatory conduct, the severity, whether the conduct is physically threatening or merely an offensive utterance, and whether the conduct unreasonably interferes with the employee's work performance. Id. The Tenth Circuit has described pervasiveness and severity as "independent and equal grounds" by which a plaintiff may meet this element of a hostile work environment claim, but the grounds "'are, to a certain degree inversely related; a sufficiently severe episode may occur as rarely as once . . . , while a relentless pattern of less harassment that extends over a long period of time also violates the statute.'" Tademy v. Union Pac. Corp., 614 F.3d 1132, 1144 (10th Cir. 2008) (alteration

in original) (quoting Cerros v. Steel Techs, Inc., 288 F.3d 1040, 1047 (7th Cir. 2002)). An employer can be held vicariously liable for an employee's unlawful harassment if the employee was a supervisor, but otherwise an employer can be found liable if it was negligent in allowing a hostile work environment to exist. Vance v. Ball State Univ., 133 S. Ct. 2434, 2441 (2013).

Plaintiff, an African-American female, is a member of a protected class. And plaintiff has sufficiently alleged that she was subject to unwanted harassment in the form of near daily abuse, including instances of physical abuse, at the hands of her co-worker. But plaintiff fails to sufficiently allege that she was subject to unwanted harassment because of her membership in a protected class. Plaintiff makes no allegations that the harassing treatment she suffered at the hands of her co-worker was race or gender motivated. In fact, plaintiff's complaints allege the opposite: that plaintiff's co-worker had difficult relationships with numerous employees, both male and female and Caucasian and African American. Plaintiff, in an attempt to allege that DHS failed to respond to her complaints because of her race and gender, identifies numerous other employees who were subjected to the same harassing treatment. These examples clearly allege that plaintiff's abusive co-worker exhibited harassing behavior to co-workers of different races and genders. Without specific allegations that the co-worker targeted plaintiff because of her race or gender, the Court cannot conclude that plaintiff has stated this element of a hostile work environment claim. Because the Court concludes that plaintiff cannot state the requisite elements of a hostile work environment claim, she cannot plausibly allege that DHS should be held liable for negligently allowing a hostile work environment to exist. Defendant's motion to dismiss plaintiff's hostile work environment claim should thus be granted.

**C.**

Under Title VII, it is similarly unlawful to retaliate against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). As with plaintiff's claims of discrimination, plaintiff presents no direct evidence of retaliation. The Court thus relies on the McDonnell Douglas burden-shifting framework to evaluate plaintiff's claim. To state a prima facie case of retaliation a plaintiff must allege: "'(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.'" Khalik v. United Airlines, 671 F.3d 1188, 1193 (10th Cir. 2012) (alteration in original) (quoting Twigg v. Hawker Beechcraft Corp., 659 F.3d 987, 998 (10th Cir. 2011)).

Plaintiff alleges that she engaged in protected opposition to discrimination by repeatedly complaining to her supervisor about her co-worker's abusive and insubordinate behavior. For the purposes of whether these complaints qualify as protected opposition to discrimination, the question is not whether plaintiff was subjected to discrimination, but whether she had a reasonable good-faith belief she was. Hertz v. Luzenac Am., Inc., 370 F.3d 1014, 1015-16 (10th Cir. 2004). An informal complaint to a superior about potential discrimination constitutes protected activity or opposition. See Pastran v. K-Mart Corp., 210 F.3d 1201, 1205 (10th Cir. 2000). The Court finds that, in this case, plaintiff has not alleged and cannot allege that she had good-faith belief that she was engaging in protected opposition to discrimination when she complained about her co-worker's behavior. Plaintiff's complaint alleges that the abusive co-worker harassed numerous people he worked with, including male and female and Caucasian and African-American employees. Because plaintiff

8

acknowledges that her co-worker exhibited the same behavior to employees regardless of race or gender, she cannot plausibly allege that she had a good-faith belief that her complaints about his behavior were protected opposition to discrimination.

Plaintiff also alleges that the adverse employment action she suffered was the hostile environment that DHS's failure to respond to her complaints created. But this does not state a significant change in employment status or benefits required for a finding of an adverse employment action. See Stinnet, 337 F.3d at 1217. Plaintiff also identifies her resignation as an adverse employment action, alleging that she was forced to resign to avoid the hostile and abusive working environment. As the Court stated with respect to plaintiff's discrimination claim, at this stage this Court will consider this allegation sufficient as an adverse employment action. But plaintiff also fails to allege a causal connection between the protected activity and materially adverse action. Plaintiff makes no allegations that support an inference that her supervisors did not take action as a retaliatory response to plaintiff's complaints; plaintiff's complaint is devoid of any allegations that DHS's failure to respond was motivated by retaliatory intent. Because plaintiff cannot plausibly allege that she had a good-faith belief that she was engaging in protected opposition to discrimination, nor that a causal connection existed between any alleged protected activity and an adverse employment action, plaintiff's Title VII retaliation claim should be dismissed.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support of Defendant Oklahoma Department of Human Services (Dkt. # 29) is **granted in part and denied in part**: plaintiff's motion to dismiss is granted as to plaintiff's Title VII gender discrimination, hostile work environment, and retaliation claims; it is denied as to plaintiff's Title VII race discrimination claim.

**IT IS FURTHER ORDERED** that defendant shall answer the race discrimination claim by **August 10, 2016.**

**DATED** this 3rd day of August, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE